**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4735**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

RONNIE VICTOR EVERETT,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:12-cr-00130-BR-1)

Submitted:  May 30, 2014     Decided:  June 4, 2014

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Victor Everett pled guilty to three counts of distribution of cocaine base and one count of possession of a firearm by a convicted felon. The district court sentenced Everett to concurrent terms of 188 months on the three distribution counts, and 120 months on the firearm count, to run concurrently. Everett appeals his sentence, contending that the district court erred in finding that his previous state convictions for manufacturing, selling, or possessing a controlled substance within 1000 feet of a park, and for possession with intent to sell and deliver marijuana, were not relevant conduct to his federal offenses of conviction. Thus, he contends, the court erred in failing to credit him the portion of the state sentence Everett had already served, and in declining to order that the federal sentence run concurrently with the undischarged portion of his state sentence.

This court reviews sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an

2

appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence.  Id. at 49-51.

We have reviewed Everett's sentence in light of his claims and find no procedural error.  See U.S. Sentencing Guidelines Manual § 1B1.3 (2013).  Accordingly, we find his sentence to be reasonable and affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED